## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HEATHER M. BARCLAY, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.   1:19-cv-02188 |
| CAPITAL ONE BANK (USA), N.A. | |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, HEATHER M. BARCLAY, individually, and on behalf of all others similarly situated, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action seeking damages as well as injunctive relief for the Defendant's violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     HEATHER M. BARCLAY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this District.

5.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

6.     CAPITAL ONE BANK (USA), N.A ("Defendant") is a national bank that provides various financial products and services. Defendant's headquarters are located in McLean, Virginia.

7.     Defendant is the third largest credit card issuer, after JPMorgan Chase and Citigroup.

8.     Defendant issues credit cards for department stores in the United States, including Kohl's department stores.

9.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a 55-year-old woman who is legally disabled.

11.     Plaintiff suffers from numerous medical conditions, including heart failure and a seizure disorder.

12.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2612.

13.     At all times relevant, Plaintiff's number ending in 2612 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15.     In the summer of 2016, Plaintiff applied for and was approved for a Capital One Kohl's credit card ("subject account").

16.     Plaintiff made various charges on the subject account, amassing a balance of less than $500.00.

17.     Plaintiff made payments on the subject account until September 2018.

18. In September 2018, Plaintiff was hospitalized as result of brain swelling. The brain swelling triggered uncontrollable seizures.

19. In September 2018, due to Plaintiff's deteriorating health and financial circumstances, Plaintiff ceased making payment on the subject account.

20. Immediately after Plaintiff ceased making payment on the subject account, Defendant started placing daily collections calls to Plaintiff's cellular phone.

21. Immediately after Defendant's collection calls started, Plaintiff answered the collection calls on numerous occasions and advised Defendant that she could not make payments on the subject account and requested that Defendant cease its collection calls.

22. Plaintiff further advised Defendant of her deteriorating health condition and advised Defendant that the anxiety caused by Defendant's collection calls exacerbate the symptoms associated with Plaintiff's health conditions.

23. Despite being notified of Plaintiff's health conditions and Plaintiff's request that the collection calls cease, Defendant continued to place daily collection calls to Plaintiff.

24. Specifically, from September 2018 through the present, Defendant has placed an average of two collection calls per day to Plaintiff's cellular phone.

25. Between September 2018 through the present, Plaintiff answered at least 15 of Defendant's calls.

26. In each answered call, Plaintiff experienced a distinctive and noticeable pause prior to being connected to Defendant's representative.

27. In each answered call, Plaintiff requested that Defendant cease its collection calls.

28. Every time Plaintiff requested that the calls cease, Defendant immediately changed the subject and demanded payment on the subject account.

3

29.     Becoming increasingly frustrated and annoyed by the collection calls, Plaintiff requested that Defendant send her to collections, hoping that the collection agency would not place as many calls as Defendant.

30.     In late March 2019, Plaintiff answered another collection call from Defendant.

31.     Plaintiff again requested that the collection calls cease.

32.     Plaintiff's request that the collection calls cease fell on deaf ears and Defendant continued to place collection calls to Plaintiff's cellular phone.

33.     In total, from September 2018 to the present, Defendant has placed no less than 300 phone calls to Plaintiff's cellular phone.

34.     Moreover, on several occasions, Plaintiff did not answer Defendant's phone calls and Defendant left a pre-recorded message requesting a call back.

35.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

36.     As stated above, Defendant's phone calls caused Plaintiff anxiety, which exacerbated the symptoms associated with her health conditions.

37.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon seclusion, wasting Plaintiff's time, an increased risk of personal injury resulting from the distraction caused by the telephone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, hypertension, loss of concentration, deprivation of the use of her cellular phone, wear and tear caused to her cellular phone, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## CLASS ALLEGATIONS

25.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> *All persons within the United States: (a) to whom Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency phone call(s); (b) to their cellular telephone number; (c) using an automated telephone dialing system or an artificial or prerecorded voice; (d) without their prior express consent; and (e) at any time in the period that begins four years before the date of the filing of this Complaint through the date of class certification.*

27.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.     Numerosity.

28.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

29.     On information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

30. Members of the Putative Class can be objectively identified from records of Defendant and any affiliated marketers to be gained in discovery.

**B.     Commonality and Predominance.**

31. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

A.     Whether Defendant utilized an "automatic telephone dialing system" as defined by the TCPA and applicable FCC regulations and orders to place the phone calls at issue;

B.     Whether Defendant continued placing calls to the Putative Class members after a cease request;

C.     Whether Defendant utilized an "artificial or prerecorded voice" as defined by the TCPA and applicable FCC regulations and orders in phone calls at issue;

D.     Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the Putative Class are entitled to treble damages.

**C.     Typicality.**

32. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

6

**D.      Superiority and Manageability.**

33.      This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

34.      The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

35.      By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

36.      Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation.**

37.      Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

38.      Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

39.      Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**COUNT I:**
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Members of Putative Class)**

40.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41.      Defendant placed or caused to be placed no less than 300 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone

7

utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42.     Upon information and belief, based on the noticeable pause Plaintiff experienced in the calls she answered and the pre-recorded messages Plaintiff received, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

43.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

44.     Upon information and belief, Defendant employed an ATDS that has the capacity to – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

45.     Upon information and belief, Defendant has no database to maintain and update consumers' contact preferences and consent to call them.

46.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

47.     As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A.      an order granting certification of the proposed class, including the designation of Plaintiff as the named representative and the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.      an order finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

C.    an order enjoining Defendant from placing or causing to place violating calls to consumers;

D.    an award damages of $500.00 to Plaintiff and the members of the Putative Class for each such violation;

E.    an award treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.    an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: March 29, 2019                    Respectfully Submitted,

                                         /s/ *Mohammed O. Badwan*

                                         /s/ *Joseph S. Davidson*

                                         Mohammed O. Badwan, Esq.
                                         Joseph S. Davidson, Esq.
                                         *Counsel for Plaintiff*
                                         Sulaiman Law Group, Ltd.
                                         2500 S. Highland Ave., Ste. 200
                                         Lombard, IL 60148
                                         Phone (630)575-8180
                                         Fax: (630)575- 8188
                                         mbadwan@sulaimanlaw.com
                                         jdavidson@sulaimanlaw.com

9